UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DENNIS J. DILLARD | ) | |
| | ) | |
| v. | ) | 1:07-cv-74 \ 1:02-cr-167 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Dennis J. Dillard ("Dillard") has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Crim. Court File No. 60). Dillard contends counsel was ineffective for filing an *Anders* brief and failing to challenge several aspects of his sentence.

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they show conclusively Dillard is not entitled to relief on the claims asserted; thus, an evidentiary hearing is not needed in this matter. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). Accordingly, the Court will decide the matter and explain the reasons Dillard's asserted grounds for relief are without merit. Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

**I.    NON-DISPOSITIVE MOTIONS**

Dillard has filed a motion for discovery (Court File No. 69) and a motion for an expedited ruling on his § 2255 motion (Court File No. 70). In the absence of some valid reason or showing of justifiable need, the motion for discovery is **DENIED** (Court File No. 69). The motion for an expedited ruling on his § 2255 motion is **DENIED as MOOT** (Court File No. 70).

**II.    28 U.S.C. § 2255 - STANDARD OF REVIEW**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to

collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . " 28 U.S.C. § 2255. Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959), *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair

procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

## III.    BACKGROUND

### A.    Procedural Background

Dillard pleaded guilty on March 3, 2005, without benefit of a plea agreement, to being a felon is possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 17, 2005, Dillard was sentenced as an Armed Career Criminal ("ACC") to a term of 215 months imprisonment consecutive to any previous state or federal sentence, five years supervised release, and a $100.00 special assessment (Court File No. 40).

The United States Court of Appeals for the Sixth Circuit affirmed Dillard's conviction and sentence on December 5, 2006 (Crim. Court File No. 57). On March 30, 2007, Dillard timely filed the instant § 2255 motion.

### B.    Factual Background

As part of his plea agreement, Dillard agreed to the following facts:

> On August 9, 2000, CPD officer Richard Patterson received a radio call from dispatch to check the 1100 block of Central Avenue in Chattanooga in the Eastern District of Tennessee for 2 black males walking down the street, with one of them possibly carrying a rifle. When Officer Patterson arrived at that location, he saw the defendant walking with another black male. The defendant appeared to be carrying a rifle. Officer Patterson turned his car around and saw the defendant drop the gun along the sidewalk. Patterson stopped the 2 individuals, identified the defendant, and recovered the rifle, a Colt, Colteer .22 caliber semi-automatic rifle. The gun was manufactured outside the state of Tennessee. The defendant had a prior conviction before August 9, 2000.

(Criminal Court Case 1:02-cr-167, Court File No. 23).

## IV.    ANALYSIS

3

### A. Ineffective Assistance of Counsel Claims

Dillard asserts six claims against defense counsel. Dillard alleges counsel was constitutionally ineffective for filing an *Anders* brief and failing to challenge several aspects of his sentence: (1) his 215 month sentence when his mandatory minimum was only 180 months; (2) he was denied a third point reduction for acceptance of responsibility; (3) his sentence was run consecutive to this state case; (4) he allegedly was not given proper jail credit for time he was incarcerated by the state prior to receiving the federal detainer case; (5) a conviction received subsequent to the date of the offense conduct in the instant case was used to enhance his sentence; and (6) the prior burglary conviction was erroneously relied upon to enhance his sentence in violation of his Sixth Amendment right to have facts that increase his sentence determined by a jury. After a brief discussion of the applicable law, the Court will address these claims of ineffective assistance of counsel in turn.

### B. Applicable Law

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.*, counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense, *i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id*. at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance and that conduct cannot be viewed in hindsight, but must be evaluated for reasonableness within the context of the circumstances at the time of the alleged errors. *Strickland,*

466 U.S. at 689-90. A defendant's challenge to such decisions must overcome a presumption that the challenged actions might be considered sound trial strategy. *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

When a defendant challenges his guilty plea, to establish the prejudice prong, he must demonstrate that without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998), (quoting *Strickland v. Washington*, 466 U.S. at 690. "An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id*. at 691.

   *1.   Length of Sentence*

Dillard claims his 215 month sentence is above the 180 month mandatory minimum. Dillard's guideline range was 188 to 235 months (Sentencing Hearing Transcript ("S.H. Transcript"), pp. 7-8). To the extent he is attempting to claim counsel did not argue that he should be sentenced to the mandatory minimum he is simply mistaken. Counsel argued the 15 year minimum was "more than enough punishment to, again, punish [] defendant and to protect society.

5

I think anything in excess of that or any consecutive sentence would be unnecessary, would be unjust to this defendant. And we would ask the Court sentence – The Court obviously has no discretion in this manner in the sense of sentencing this defendant to at least a minimum mandatory 15 years. We would ask that the Court just do that and not go above that, and that any sentence run concurrent to the state sentence." (S.H. Transcript, pp. 11-12).

To the extent he argues counsel should have appealed the 215 month sentence such an argument would have been futile as there are no credible grounds upon which counsel could have attacked the sentence. Dillard was informed, during rearraignment, that his sentence could fall anywhere between fifteen years and life. Moreover, Dillard's criminal record spans approximately thirty years and includes twelve violent offenses (S.H. Transcript, p. 21). The Court concluded that a sentence near the middle of the guideline range was appropriate to protect society from further crimes of Dillard (S.H. Transcript, p. 24).

Consequently, Dillard has not demonstrated his sentence was imposed in violation of the Constitution or laws of the United States, the Court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack; thus, he is not entitled to any relief on this claim under § 2255. *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (identifying the four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence). Neither the Court's imposition of the 215 month sentence nor counsel's decision not to appeal the length of Dillard's sentence was error. Even assuming counsel was ineffective for not challenging his sentence on appeal, Dillard is unable to demonstrate he was prejudiced. This is so because, in addition to failing to demonstrate a reasonable probability he would have gone to trial (he has failed to allege or present any evidence

demonstrating that, but for counsel's error he would have pleaded not guilty and gone to trial), *see Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995), *cert. denied*, 516 U.S. 1058 (1996), he has failed to assert any grounds, and the Court is unaware of any grounds, upon which his sentence should be reduced.

Accordingly, because Dillard has not proven either prong of the *Strickland* test, this ineffective assistance of counsel claim fails.

### 2. *Acceptance of Responsibility*

Dillard received a two-level reduction for acceptance of responsibility. Dillard claims counsel was ineffective for failing to argue that he deserved a three level reduction for acceptance of responsibility. The Government responds that a three point reduction was permitted only upon a formal motion by the Government. United States Sentencing Guidelines ("USSG") § 3E1.1(b) states as follows:

> [U]pon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

USSG § 3E1.1(b). The application note further emphasizes the discretion afforded the government:

> Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the government at the time of sentencing.

USSG § 3E1.1(b), comment (n.6). Thus, even if counsel had requested the reduction during sentencing the Court was not permitted to award the extra point absent a motion by the United States. *See United States v. Smith*, 429 F.3d 620, 627-28 (6th Cir. 2005) ("Even after *Booker*, a

7

district court consulting the guidelines remains constrained in awarding a § 3E1.1(b) reduction absent a motion by the government.")

Moreover, the record reflects Dillard did not accept responsibility in a timely manner. Dillard filed a notice to plead guilty on October 29, 2004 (Crim. Court File No. 22), and then withdrew his guilty plea during the Rule 11 hearing held on November 10, 2004 (Crim. Court File No. 25, 49). Dillard later filed a second notice of intent to plead guilty on February 10, 2005, (Crim. Court File No. 37), and pleaded guilty on March 3, 2005 (Crim. Court File No. 39). The United States elected not to file a motion for the third point. Dillard does not argue that he gave notice of his intention to plead early enough in the process for the government to avoid preparing for trial. Furthermore, "[t]imeliness is measured, not from the Defendant's perspective, but 'by whether the notice was given in time for the government to avoid preparing for trial and for the court to efficiently allocate its resources." *United States v. Smith*, 429 F.3d at 629 (citation omitted).

Given that the Government did not file for an adjustment and Dillard has not proven he was entitled to the adjustment, counsel was not deficient for failing to raise the issue on appeal. Since Dillard has failed to demonstrate any error on the part of counsel, he has failed to demonstrate deficient performance by counsel or any resulting prejudice. Accordingly, this claim also fails.

3. *Consecutive Sentence*

Dillard challenges the Court's decision to run his sentence consecutive to his undischarged state term. When a defendant is subject to an undischarged sentence of imprisonment, the court generally has authority to impose a sentence of imprisonment on the current offense to run concurrently with or consecutively to the prior undischarged term. 18 U.S.C. § 3584(a). In exercising that authority the Court considers the factors set forth in 28 U.S.C. § 3553(a). Section

5G1.3(c) of the Guidelines provides that when a defendant is subject to an undischarged term of imprisonment unrelated to the instant offense, "the sentence for the instant offense may be imposed to run concurrently, partially currently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.G. § 5G1.3(c). The Court, therefore, had discretion, after a proper evaluation, in determining whether to run the sentences concurrently or consecutively.

Dillard's undischarged state sentence was for a prior aggravated assault that had no connection to the offense conduct in this case, and the offense level calculations did not include any enhancement for the conduct underlying the aggravated assault (PSR, at 3). The Court considered the factors set forth in 18 U.S.C. § 3553 in an effort to achieve a reasonable punishment. Dillard's almost thirty years of criminal history, which included approximately twelve violent offenses, was one of the determining factors when the Court concluded that, in order to protect the public from further crimes of Dillard, consecutive sentences were necessary. Furthermore, if the sentences had run concurrently, then Dillard would not have received punishment for his separate offense conduct in each case.

Dillard's sentence comports with the governing statutory provision. Consequently, the Court did not abuse its discretion in running the sentence consecutively to his state sentence. Thus, counsel was not deficient for failing to raise this issue on appeal nor was Dillard prejudiced by appellate counsel's failure to raise his non-meritorious claim on appeal. Accordingly, Dillard is not entitled to collateral relief on his claim that counsel was ineffective for failing to appeal the Court's decision to impose consecutive sentences.

*4.    Jail Credit*

Dillard asserts that counsel was ineffective for failing to argue he should receive credit on the sentence in this case for the time he was in custody prior to his receipt of the federal detainer, conviction, and sentence in this case. Credits for presentence time spent in official detention is calculated by the Attorney General through the Bureau of Prisons ("BOP"), not by the Court. *See United States v. Wilson*, 503 U.S. 329, 334-37 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). A district court may, however, grant relief under 28 U.S.C. § 2241. *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Nevertheless, assuming for the sake of discussion that his claim is properly before the Court, Dillard's assertions are simply incorrect.

Title 18 U.S.C. § 3585 provides that:

(a) Commencement of sentence.-- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. --A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585 (a) and (b). Under § 3585, the sentence commences when the defendant is actually transferred into federal custody for purposes of serving his federal sentence. As the Court understands Dillard's motion, he has not yet been transferred into federal custody for purposes of serving his federal sentence. In addition, the plain language of § 3585 prohibits double credit for detention incurred before a sentence actually begins. *See McClain v. Bureau of Prisons*, 9 F.3d at

505. Thus, under this provision, prior time served that is properly credited toward another sentence may not be counted, since to find otherwise would result in a prisoner earning double credit for a single period of time served.

Title 18 U.S.C. § 3585(b) only allows credit for time "that has not been credited against another sentence." *Wilson*, 503 U.S. at 334. Dillard was incarcerated on an undischarged state conviction prior to service of the federal detainer. Moreover, it appears Dillard is still serving his state sentence and has not been in exclusive federal custody. *See McClain,* 9 F.3d at 505 (Once prisoner was released on parole on state charges he was in exclusive federal custody and was entitled to credit for the additional time he spent in custody after he was paroled). Since the time Dillard believes the BOP should credit him was for time he served on a state conviction, there was no error.

The fact that a federal detainer was lodged with Tennessee authorities during the commencement of his eight year state sentence on an aggravated assault conviction does not change the result. The lodging of a federal detainer does not place a defendant into federal custody. "A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities." *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992) (*citing See Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir.1991) (defendant who was before the federal court on a writ of habeas corpus ad prosequendum was not entitled to credit toward his federal sentence from date of initial sentencing); *Flick v. Blevins,* 887 F.2d 778, 782 (7th Cir.1989), *cert. denied,* 495 U.S. 934 (1990) (failure of federal authorities to return prisoner to state custody after federal conviction as required by writ of habeas corpus ad prosequendum did not commence federal sentence); *Hernandez v. United States Attorney Gen.,* 689 F.2d 915, 918-19 (10th Cir.1982) ("Colorado state officials did not relinquish

11

jurisdiction over Hernandez, their prisoner, by his production in federal court for sentencing; he continued to be a "state prisoner."); *Roche v. Sizer,* 675 F.2d 507, 510 (2d Cir.1982) ("Under 18 U.S.C. § 3568, petitioner's sentence commenced on December 3, 1979, when he was released from Connecticut custody and delivered to the Federal correctional Institution at Danbury to commence his federal sentence."); *Crawford v. Jackson,* 589 F.2d 693, 695 (D.C.Cir.1978) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly"), *cert. denied*, 441 U.S. 934 (1979); *McIntyre v. United States,* 508 F.2d 403, 404 (8th Cir.) ("[A] state prisoner who is also on detainer for federal violations should not receive credit on his federal sentence when he was given credit on the state sentence for the same period of time."), *cert. denied*, 422 U.S. 1010 (1975); *Vignera v. Attorney Gen. of the United States,* 455 F.2d 637, 637-38 (5th Cir.1972) (denied credit on federal sentence for time spent in federal detention center under writs of habeas corpus ad prosequendum); *see also United States v. Insley,* 927 F.2d 185, 186-87 (4th Cir.1991) (holding that "official detention" in 18 U.S.C. § 3585-the successor statute to section 3568-means "physical incarceration"); *Randall v. Whelan,* 938 F.2d 522, 524 (4th Cir. 1991) (holding, in reliance on *Insley*, that time spent in a drug rehabilitation center is not "custody" for purposes of section 3568). Therefore, Dillard is not entitled to credit on his federal sentence for any period when he was in custody on an undischarged state sentence.

In conclusion, Dillard is not entitled to credit for the time he spent serving his state sentence. Consequently, Dillard has not demonstrated that counsel was deficient for failing to raise this sentencing credit claim on appeal. Accordingly, there is no basis to grant Dillard relief on this claim.

5. *Subsequent Conviction*

Dillard is apparently attacking the inclusion of his 2003 aggravated assault conviction, which was committed after the instant offense, in his sentencing guideline calculation. Dillard committed the instant federal offense in 2000. On March 13, 2002, Dillard stabbed his nephew. On October 1, 2003, upon a plea of guilty, he was sentenced to an eight-year term of imprisonment. While serving this term of imprisonment, Dillard was charged with the instant federal offense.

Although the use of this aggravated assault sentence added three points to Dillard's criminal history, his criminal history category was not increased as a result of this conviction. Prior to adding the 3 points from this conviction Dillard had 32 criminal history points which placed him in criminal history category VI. Thirteen or more criminal history points results in a criminal history category of VI. Consequently, the three points on this aggravated assault did not impact Dillard's criminal history category.

In addition, § 4A1.1 of the Sentencing Guidelines provides that 3 criminal history points are to be given for each prior sentence of imprisonment exceeding one year and one month. Section 4A1.2 of the USSG defines prior sentence as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." USSG § 4A1.2(a)(1). Therefore, a "prior sentence" is based on the date of the sentence, and not the date of the conduct. *See United States v. Talley*, 194 F.3d 758, 766 (6th Cir. 1999) (A crime that occurred chronologically after the conduct at issue but which defendant was sentenced prior to sentencing on conduct at issue was a "prior sentence" meriting consideration by the sentencing judge.); *United States v. Beddow*, 957 F.2d 1330, 1337 (6th Cir. 1992) ("The clear import of Application Note 1 [to USSG § 4A1.2] is that 'the chronology of sentencing rather than the

13

commission of the crimes [is] controlling."(citations omitted)). Consequently, even though Dillard's prior sentence is based on conduct that occurred subsequent to the commission of the federal offense for which he was sentenced, he was sentenced on that subsequent conduct prior to being sentenced in the instant federal case. Therefore, the prior sentence for his subsequent criminal conduct was properly included in the computation of his criminal history.

Furthermore, 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence[,]" permitted the Court to consider this conviction in its selection of the sentence. Consequently, counsel was not deficient for failing to challenge the use of this conviction and Dillard suffered no prejudice. Accordingly, since Dillard was sentenced for his aggravated assault conviction prior to sentencing for the instant offense, it was proper to count this conviction as a "prior sentence" and to consider it in the selection of the appropriate sentence in the instant case.

  6. *Blakely Error*

In his last claim, Dillard asserts, in light of *Blakely v. Washington*, 542 U.S. 296 (2004) (invalidating a Washington State criminal sentence because the facts supporting a sentence enhancement were neither admitted by the defendant nor found by a jury in violation of the Sixth Amendment right to a jury trial), that his sentence was improperly enhanced with his prior 1990 burglary conviction. In light of the *Blakely* decision, Dillard contends counsel was ineffective for failing to challenge the Court's enhancement of his sentence based upon his prior 1990 burglar conviction because the existence of his prior crime was not submitted to a jury and proven beyond

14

a reasonable doubt. This claim is without merit. First, although Dillard objected to the use of this conviction as a predicate offense for an armed career criminal, he admitted that he was convicted of burglary of a business (Addendum to Presentence Report).

Moreover, the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and reiterated in *Blakely* plainly allows for judicial determination of prior convictions used to enhance sentences. "[T]he Supreme Court has uniformly excepted 'the fact of a prior conviction' from its general rule that sentence-enhancing facts must be found by a jury and proved beyond a reasonable doubt." *See United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006)(citations omitted) (The court did not violate the Sixth Amendment by determining the fact and nature of a defendant's prior convictions and imposing an increased sentence under the Armed Career Criminal Act (ACCA)). Therefore, the
Court's determination that the prior conviction qualified as a predicate conviction for ACCA purposes was not error.

Accordingly, counsel was not deficient for failing to challenge the procedure employed by the Court in deciding to sentence Dillard as an armed career criminal and *Blakely* affords him no relief on this claim.

## V. CONCLUSION

For the reasons stated above Dillard is not entitled to any relief under 28 U.S.C. § 2255 as his sentence does not violate the Constitution or laws of the United States. Accordingly, Dillard's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 motion will be **DENIED**.

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**